UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 07-1341 (RMC) |
| ALL PROPERTY IN/UNDERLYING E-GOLD ACCOUNT NUMBER: 118611, | ) ) ) ) | |
| Defendant. | ) ) | |

ORDER

This is a civil action, in rem, brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1960, or any property traceable to such property. A verified Complaint was filed by the United States on July 24, 2007 in accordance with Title 18 U.S.C. §§ 981 and 983, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Specifically the United States has filed a complaint against "all property, accounted for as an amount of 'e-gold' in, or underlying, e-gold account(s) 118611, on or about April 26, 2007 and May 4, 2007, and now reflected as U.S. dollars." *See* Compl. at 2 [Dkt. #1]. The United States represents that "[t]he E-GOLD operation records the individual or entity opening or directing the e-gold account(s) related to this forfeiture as: GoldPouch Express." *Id.*

Claimants Roger and Mimi Savole ("Claimants") notified the United States by letter, dated October 2, 2007, of their claim and intent to contest the forfeiture of the property in the e-gold account. *See* Letter to Jeffrey Taylor dated October 2, 2007 [Dkt. # 3]. The Court's review of the

docket reveals that Roger and Mimi Savole are proceeding *pro se*.[1] In light of the fact that Claimants are proceeding *pro se*, the Court draws their attention to the rules of procedure governing this case. Rule G(5)(b) provides that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer." *See* Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. It is in light of this procedural requirement that the Court will order that Claimants file an answer or otherwise respond to the complaint in this matter. Accordingly, it is hereby

**ORDERED** that Claimants shall file an answer or otherwise respond to the complaint no later than December 3, 2007.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: November 2, 2007

---

[1] It appears from the docket that Roger and Mimi Savole are proceeding in their individual capacities as *pro se* claimants. The complaint lists GoldPouch Express as the owner/operator of the account, and the Claimants list their address as GoldPouch Express, 923280 North Quarry Road, New Liskeard, Ontario POJ 1PO, Canada. Additionally, the claim filed by Roger and Mimi Savole is on Gold Pouch Express letterhead. *See* Dkt. # 3. To the extent that Claimants intend to file a claim on behalf of the corporation *pro se*, they are cautioned that a corporation cannot represent itself and cannot apear *pro se*. It must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered against it. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (corporation may only appear in federal court through licensed counsel).